HENRY LOWETH *vs.* H. N. S. BRADFORD & others, executors.

Hampden. January 2, 1917. — June 29, 1917.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Evidence,* Under R. L. c. 175, § 67, in action against executor or administrator. *Practice, Civil,* Exceptions.

In an action against an executor by a painter to recover the alleged agreed price for painting two portraits of the defendant's testator, one in oils and the other in pastel, each for the same price, the defendant introduced in evidence a paper signed by the plaintiff in which it was stated (in reference to the oil painting) that the plaintiff had painted it only for purposes of exhibition and that the defendant's intestate was under no obligation to take it. Thereupon the plaintiff testified that his signature to this paper was obtained by fraudulent representations made by the defendant's testator, who fraudulently placed his hand over the writing when he induced the plaintiff to sign it. The defendant then offered under R. L. c. 175, § 67, the testimony of a witness who had known the testator for many years to the effect that the testator was honest, straightforward and upright in his business dealings, and asked him the question, "Now I ask you what were his habits of dealing in connection with his business, which might tend to show a willingness or unwillingness to commit fraud?" The judge excluded the question, and the defendant excepted. The jury returned a verdict for the amount of the price of one portrait only, and, in answer to questions submitted to them by the judge, stated that they did not find the defendant liable to the plaintiff under the alleged contract for an oil painting and that they did not find the defendant's testator guilty of fraud in any of his transactions with the plaintiff. *Held,* that, assuming that the evidence offered was admissible at all under the statute, it related only to the alleged contract in regard to the oil painting, on which the answers of the jury showed that they had found for the defendant, so that its exclusion was immaterial and accordingly the defendant's exception must be overruled.

*Whether,* under R. L. c. 175, § 67, which provides that in an action brought against an executor or administrator supported by oral testimony of a promise or statement made by the defendant's testator or intestate, "evidence of his acts and habits of dealing tending to disprove or to show the improbability of the making of such promise or statement shall be admissible," the evidence offered was admissible, this court did not find it necessary to consider.

CONTRACT for the price of two portraits of the defendants' testator painted by the plaintiff, one in oils and the other in pastel. Writ dated April 1, 1915.

The plaintiff's amended declaration was as follows:

"First count.  The plaintiff says the defendants' testator hired and employed the plaintiff to paint two portraits of the defendants' testator, one an oil painting and the other a pastel painting, to the satisfaction of the defendants' testator, and agreed to pay the sum of $2,000 for each painting, when the same were completed; that the plaintiff, in accordance with the instructions of the defendants' testator, painted said portraits and tendered the same to the defendants' testator, who refused to accept and pay for them; that the plaintiff painted said portraits in an artistic, workmanlike and satisfactory manner, to the satisfaction of defendants' testator; that the plaintiff further, in accordance with instructions of the defendants' testator, procured frames for said portraits, and in so doing expended $200, which sum the defendants' testator also refused to pay; that the defendants, as executors of the will of said testator, have also refused to accept and pay for said portraits and frames; wherefore the plaintiff says that the defendants, as executors, owe the plaintiff the sum of $4,200.

"Second count.  The plaintiff says that the defendants, as executors, owe the plaintiff the sum of $4,200, according to the account hereto annexed, with interest.

"Both counts being for the same cause of action."

In the Superior Court the case was tried before *Callahan,* J. The evidence is described sufficiently in the opinion.  A part of the judge's charge was as follows:

"So far as the writing referred to is concerned, unless you find that the testator perpetrated a fraud upon the plaintiff, the plaintiff may not recover on the present state of the pleadings in this case for the oil painting, because, in the absence of fraud, in view of his admission that he signed the statement, the law would hold him to the effect of that writing.  If there was no fraud, then the writing represents the true contract between the parties, so far as the oil painting is concerned.  I am not now referring to the pastel. And, unless you do find fraud, the plaintiff may not recover for the oil painting on the present state of the pleadings.  I think that is about all I can say to you in view of the inquiry.

"As to whether there was or was not fraud, it is not necessary for you so to state in your verdict. You will merely return a verdict for the plaintiff for so much money or for the defendant."

The jury returned a verdict for the plaintiff in the sum of $2,200. After the verdict had been returned, the judge asked the foreman of the jury the following questions and received the following answers:

"Did you find the defendants liable to the plaintiff under the alleged contract for an oil painting?" The foreman answered, "No."

"Did you find the testator, Mr. Bradford, guilty of fraud in any of his transactions with the plaintiff?" The foreman answered, "No."

The defendants alleged exceptions relating to the exclusion of a question to a witness as described in the opinion.

R. L. c. 175, § 67, is as follows: "If the cause of an action brought against an executor or administrator is supported by oral testimony of a promise or statement made by the testator or intestate of the defendant, evidence of statements, written or oral, made by the decedent, memoranda and entries written by him and evidence of his acts and habits of dealing tending to disprove or to show the improbability of the making of such promise or statement shall be admissible."

The case was submitted on briefs.

C. W. Bosworth, for the defendants.

N. P. Avery & A. S. Gaylord, for the plaintiff.

LORING, J. This is an action in which the plaintiff sought to recover from the defendants two sums of $2,200, $2,000 in each case being for his services in painting a portrait of the defendants' testator and $200 in each case being for money paid by him at the testator's request in buying a frame for the portrait in question. The testator died on September 1, 1914. This action was brought after his death.

The plaintiff testified that in March, 1912, the testator agreed to pay him $2,000 for painting an oil portrait "if the painting was satisfactory to him" and that at the testator's request he paid the sum of $200 for a frame for the portrait. The plaintiff further testified that pursuant to this agreement "he began work on the oil painting" and in the course of the work that he used a pastel

sketch which he had made of the testator; that later the testator requested the plaintiff to finish and complete the pastel sketch and that he agreed to pay for the same $2,000 and also that he asked him (the plaintiff) to buy a frame for it at a cost of $200.

The defendants introduced in evidence a letter dated February 14, 1912, signed by the plaintiff in these words: "As pr your suggestion in our recent conversation relative to portrait I submit to you my proposition in writing. I will say that I am always ready to fulfill my proposal given to you, in every instance, in order to give the Springfield public an opportunity to become acquainted with my work. Hoping to hear from you favorably. Yours very respectfully, H. Loweth." It is stated in the bill of exceptions that this letter was not satisfactory to the testator "because it did not state fully the terms of the proposition" which the plaintiff had made to him and thereupon that he (the testator) "wrote in his own handwriting on the back of this letter, the following statement, which the plaintiff, Mr. Loweth, signed: My proposal referred to is to paint your portrait for the express purpose of being allowed to exhibit it, to show to the public my capacity and character as a portrait artist. You are under no obligation to take the portrait, or if your children care for it at all, they may keep it at their own price." This indorsement was made on March 1, 1912. The defendants also introduced in evidence a letter to the testator from Leary and Beattie, attorneys for the plaintiff, dated September 17, 1913, in which those attorneys ·stated that the plaintiff had placed in their hands a claim against him "for the painting of two beautiful and excellent portraits" of the testator. On the back of this letter there was a memorandum in the handwriting of the testator setting forth a copy of his answer and following this a memorandum in the testator's handwriting in these words: "October 9, 1913. Lawyer Leary called in re H. Loweth and showed him Loweth's signed proposition, etc. etc. Leary says he shall advise him that he has no case and that he is sorry for him but he can do nothing for him, etc." In addition the defendants introduced the following memorandum in the handwriting of the testator found in his safe deposit box: "In re H. Loweth. Introduced by Bacon Jan., 1912. Gave his signed proposition Mar. 1, 1912. Leary & Beattie note Sept. 1913. Lawyer Welcker April, 1914. April 10, 1914: M. L.·

Welcker, Esq., (Lawyer) Holyoke, Mass.   Came in and said Low-
eth had put his case in his hands, etc.   That he had had an inter-
view with Leary, who told him of a contract or letter Loweth had
signed and wanted to see it.   Showed it to him, when he said he
should decline to take the case, etc., etc."

With respect to the written agreement the plaintiff testified
at the trial that his "signature to this statement on the back of
the letter hereinbefore referred to, was obtained by an active
fraud on the part of Mr. Bradford, the plaintiff claiming that Mr.
Bradford fraudulently held his hand over the paper and made
fraudulent statements which fraudulently induced him to sign
the statement without reading it."   Later one Gill (being on the
stand as a witness for the defendants) testified without objection
being made thereto "that he had known Mr. Bradford for many
years and was acquainted with his business dealings" and there-
upon the defendants' counsel asked him the following question
with reference to the habits of dealing of the defendants' testator:
"Now I ask you what were his habits of dealing in connection with
his business, which might tend to show a willingness or unwilling-
ness to commit fraud?"   The defendants' counsel stated that he
expected the witness to answer "that the defendants' testator,
Mr. Bradford, was honest, straightforward and upright in his
business dealings."   The question was excluded and an exception
taken.

The jury returned a verdict for the plaintiff in the sum of $2,200
and answered in the negative these questions put to them by the
judge:   "Did you find the defendants liable to the plaintiff under
the alleged contract for an oil painting?"; "Did you find the
testator, Mr. Bradford, guilty of fraud in any of his transactions
with the plaintiff?"

The only exception before us is the exception to the exclusion
of the evidence offered by the defendants.

The defendants have argued that "the evidence of his [testa-
tor's] acts and habits of dealing tending to disprove or to show the
improbability of the making of such promise" was admissible by
force of R. L. c. 175, § 67, and that the evidence was admissible
on both claims made by the plaintiff.

We are of opinion that the evidence if admissible was admis-
sible only on the claim for painting the oil portrait.   On this

claim the defendant was successful. This is apparent from the answers of the jury to the special questions put to them by the judge. We are of opinion that the evidence (if it was within R. L. c. 175, § 67) was not admissible on the other claim made by the plaintiff. It follows that the exception must be overruled. We do not find it necessary to consider whether this evidence was admissible under R. L. c. 175, § 67, in any case.

*Exception overruled.*